**SO ORDERED.**

**SIGNED this 03 day of August, 2010.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### NEW BERN DIVISION

IN RE:

TODD ALLEN FULCHER,                      CHAPTER 7
                                                                         CASE NO. 10-00169-8-RDD
    DEBTOR

### ORDER FOR CONTINUED DETENTION OF TODD ALLEN FULCHER UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2005, TO COMPEL ATTENDANCE AT MEETING OF CREDITORS, AND COOPERATION WITH THE CHAPTER 7 TRUSTEE

On June 22, 2010, this Court entered an Order requiring Todd Allen Fulcher (the "Debtor") to appear and show cause as to why he should not be held in contempt or subject to such other sanctions and directing the United States Marshal to apprehend the Debtor and bring him before this Court for the Debtor to appear and show cause, if any, as to why the Debtor failed to appear at the Meeting of Creditors scheduled on April 1, 2010 and explain to the Court why he has not cooperated with the duly appointed Chapter 7 Trustee in the administration of this estate (the "Show Cause Order").

In addition to the Show Cause Order, on April 1, 2010, the Court entered an Order for Apprehension of the Debtor under Bankruptcy Rule 2005 based on his failure to appear at the Meeting of Creditors set earlier that morning (the "Apprehension Order"). Pursuant to the

Apprehension Order, the United States Marshal was directed to apprehend the Debtor and bring him before the Court without unreasonable delay. Upon apprehension of Mr. Fulcher, the United States Marshal was directed to transport Mr. Fulcher to the Court so that the Court could conduct an inquiry as to whether apprehension and continued detainment would be appropriate.

On July 6, 2010, the Court conducted a hearing on the Show Cause Order and Apprehension Order in Wilson, North Carolina.

Upon consideration of the arguments of the Chapter 7 Trustee and the testimony of Mr. Fulcher, the Court makes the following findings of fact:

1. The Debtor was apprehended in accordance with the previous orders of this Court, and appeared at the hearing scheduled on July 6, 2010.

2. The Debtor testified to the following:

   a. The Debtor currently has no mailing address.

   b. At the time of hearing, the Debtor was in good health and not under the influence of any illegal or prescription drugs, alcohol, or other substance.

   c. The Debtor was previously detained by the Court pursuant to its order docketed on March 12, 2010.

   d. He was subsequently released on March 23, 2010, pursuant to the terms of the Order Granting Joint Motion to Release Todd A. Fulcher from the Continued Custody of the United States Marshal (the "Release Order"). Under the terms of the Release Order, Mr. Fulcher was to appear at the meeting of creditors scheduled for April 1, 2010, and cooperate, as well as, communicate with the Chapter 7 Trustee. Further, Mr. Fulcher was not to

        enter onto any real properties owned by Mr. Fulcher without the permission of the Chapter 7 Trustee.

e.    At the time the Chapter 7 Trustee recommended his release on March 23, 2010, the Debtor understood that he was to appear on April 1, 2010 at 9:30 a.m. at the Bankruptcy Administrator's office in Wilson, North Carolina for his scheduled 341 Meeting of Creditors in connection with this bankruptcy proceeding.

f.    The Debtor testified that he reviewed the Release Order instructing him to appear at the 341 Meeting of Creditors with counsel, who also advised him of the need to appear.

g.    On March 25, 2010, Mr. Fulcher was released from custody and picked up by his friend, Graham Dixon. Mr. Dixon provided the Debtor with a car to drive and a place to stay.

h.    While staying with Mr. Dixon for few days, the Debtor developed a plan to go to Florida with Kelli Cox, his girlfriend. He purchased a camper to drive to Florida.

i.    The Debtor testified that he did not know why he was going to Florida.

j.    His friend, Graham Dixon, also provided him with a credit card to use while he and Kelli were in Florida.

k.    The Debtor stated that he overslept and did not wake up until 4:00 p.m. or 5:00 p.m. on April 1, 2010. He stated his failure to wake up was the reason he failed to appear at his scheduled 341 Meeting of Creditors.

l. On April 1, 2010, his attorney telephoned the Debtor about why he did not appear at his 341 Meeting of Creditors. The Debtor did not bother to call her back and has not spoken to counsel since his release on March 23, 2010.

m. On April 1, 2010, the Debtor was contacted via telephone by Deputy United States Marshal Daniel Tubman while purchasing a hitch in Raleigh for the camper. The Debtor told Deputy Marshal Tubman that he would be back in New Bern in approximately an hour to an hour and a half after their conversation and that he would surrender at that time. Instead of surrendering to Deputy Marshal Tubman or contacting him, the Debtor picked up the camper and headed to Florida. He willfully did not surrender to the custody of the United States Marshal.

n. His girlfriend, Kelli Cox, bought the gas for the trip to Florida.

o. The Debtor willfully neither contacted the United States Marshal or Deputy Marshal Tubman, nor did he tell anyone his whereabouts.

p. The Debtor intended to stay in Florida for an extended period of time.

q. Once in Florida, the Debtor sent a text message to his brother, Glenn Fulcher.

r. The Debtor denies contacting Glenn Fulcher via a text message about hiding the Debtor's boat.

s. The Debtor and Kelli Cox flew back from Florida to get a pickup truck, located at a specific location. The Debtor instructed Kelli Cox to pick up the truck.

t.   Upon his return to North Carolina, the Debtor made no effort to contact Deputy U.S. Marshal Daniel Tubman.

**Apprehension and Detention is Appropriate Pursuant to Bankruptcy Rule 2005**

Based on the foregoing findings of fact, the Court finds that the Chapter 7 Trustee has satisfied his burden by clear and convincing evidence. Mr. Fulcher willfully disregarded the orders to appear for examination as required by this Court. As such, apprehension and detention under FED. R. BANKR. P. 2005 is appropriate.

FED. R. BANKR. P. 2005(c) requires that conditions of release be governed by the policies and provisions of 18 U.S.C. § 3146(a) and (b). Section 3146 provides that failing to appear is an offense in and of itself and that the penalty for doing so may not exceed one year.

**Recalcitrant Witness**

In addition, Mr. Fulcher is a recalcitrant witness pursuant to 28 U.S.C. § 1826 as a result of repeatedly failing to comply with orders and instructions of this Court. *In re Younger,* 986 F.2d 1376, 1378 (11th Cir. 1993)(finding that confinement in a bankruptcy case is permitted but limited to the length of the bankruptcy case or eighteen months, whichever is less); *In re Continuum Care*, 375 B.R. at 695 (recognizing the applicability of the recalcitrant witness statute in a bankruptcy proceeding).

Section 1826(a) of Title 28 of the United States Code provides in pertinent part:

> Whenever a witness in *any* proceeding before or ancillary to *any* court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify … the court … may summarily order his confinement at a suitable place until such time as the witness is willing to

>give such testimony ... No period of such confinement shall exceed the life of … (1) the court proceeding … (2) before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.

*emphasis added.*

By failing to appear at the 341 Meeting of Creditors on April 1, 2010, Mr. Fulcher willfully refused to testify. This refusal is not exempted from Section 1826(a). The statute is clear that it applies to any proceeding in a court of the United States. *In re Younger,* 986 F.2d at 1378. Therefore, as a recalcitrant witness, Mr. Fulcher can be detained for a period of up to eighteen months from the date of his confinement or the duration his bankruptcy proceeding, whichever is less.

### Civil Contempt

Judge Humrickhouse recently addressed the requirements of civil contempt in *In re Adams*. Bankruptcy Case No. 04-03875-5-SWH (Bankr. E.D.N.C. July 7, 2010). The Fourth Circuit articulated the standard to establish civil contempt in *Ashcroft v. Conoco, Inc.,* 218 F.3d 288, 301 (4th Cir. 2000). See also *In re Adams*, Bankruptcy Case No. 04-03875-5-SWH (Bankr. E.D.N.C. July 7, 2010). The four elements required for establishing civil contempt are as follows:

>(1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2)...that the decree was in the movant's "favor"; (3)...that the alleged contemnor by its conduct violated the terms of the decree; and (4)...that [the] movant suffered harm as a result.

*In re Adams*, Bankruptcy Case No. 04-03875-5-SWH (Bankr. E.D.N.C. July 7, 2010)(quoting *Ashcroft v. Conoco, Inc.,* 218 F.3d at 301). Each of the elements must be established by clear and convincing evidence. *In re Adams*, Bankruptcy Case No. 04-03875-5-SWH (Bankr. E.D.N.C. July 7, 2010)(citing *Ashcroft v. Conoco, Inc.,* 218 F.3d at 301).

There is no dispute that the Release Order and the Apprehension Order are valid decrees of this Court, of which the Debtor had actual knowledge. The Debtor testified that not only had counsel informed him that he needed to attend the 341 Meeting of Creditors, but that he also reviewed the terms of the Release Order himself.  Furthermore, Mr. Fulcher did not dispute that he had knowledge of the Release Order and the requirement that he attend the Meeting of Creditors.  He merely stated his reason for not attending the Meeting of Creditors that he overslept. As to the Apprehension Order, Mr. Fulcher stated that he spoke with Deputy Marshal Daniel Tubman and that he intended to surrender to the authorities. As such, he was aware that the Apprehension Order had been entered and that the United States Marshal was seeking to enforce such order based on his failure to comply with other orders of this Court.

Although the Release Order permitted the Debtor to be released into custody, the terms of the Release Order that required him to appear at the Meeting of Creditors were in "favor" of the Chapter 7 Trustee, who is required to examine the Debtor and dutifully administer an estate.

With respect to the Apprehension Order, the Order was entered in "favor" of the Chapter 7 Trustees and to uphold the integrity of proceedings in this Court.  The purpose of the Apprehension Order was to detain Mr. Fulcher while the Chapter 7 Trustee, and the Chapter 7 Trustee in his corporate proceedings, conducted certain examinations in connection with the administration of the estates.

Based on Mr. Fulcher's testimony, he knew his conduct was in direct conflict with the Release Order and the Apprehension Order. Mr. Fulcher testified he knew the requirements of the Release Order but failed to appear at the 341 Meeting of Creditors.  Furthermore, he testified that he spoke with Deputy Marshal Tubman and agreed to surrender, but then failed to meet Deputy

7

Marshal Tubman as he had arranged. Mr. Fulcher had no further contact with Deputy Marshal Tubman until he was apprehended. Deputy Marshal Tubman informed Mr. Fulcher of the Apprehension Order and Mr. Fulcher did not deny knowledge of the terms of the Release Order or the Apprehension Order.

Lastly, the estates have suffered harm as the Chapter 7 Trustee has incurred legal fees and expenses in his prosecution of motions that would not have been needed but for the Debtor's violation of the direct and clear terms of the Orders of this Court. Further, the Debtor's failure to abide by the orders of this Court have unduly delayed the administration of the estates.

Therefore, this Court finds the Debtor has not complied with orders issued by this Court which provided direct, clear and specific directions as to the Debtor's duty to appear at 341 meetings and to cooperate with the Trustees that have been duly appointed; as well as to surrender himself in compliance with the Apprehension Order.

Mr. Fulcher's willful and blatant disregard for the orders of this Court establishes by clear and convincing evidence that his actions are in civil contempt of this Court. As such, he may be subject to additional penalties or sanctions in connection therewith which may be determined at a later date.

## **CONCLUSION**

Detention is permitted pursuant to FED. R. BANKR. P. 2005, 28 U.S.C. § 1826, and the inherent contempt powers of this Court. To ensure Mr. Fulcher's cooperation with the Chapter 7 Trustee in his individual proceeding, his cooperation with the Chapter 7 Trustee in three corporate Chapter 7 cases,[1] and his appearance at the Meetings of Creditors in his individual case, Mr. Fulcher

---

[1] *See* In re Fulcher Tire Sales & Service, Inc. - Case No. 10-00172-8-RDD; In re TAAF, LLC - Case No. 10-00171-8-RDD; In re Todd Fulcher, LLC - Case No. 10-00174-8-RDD.

shall remain in the custody of the United States Marshal until the occurrence of the latter of (1) the Meeting of Creditors in his individual case is concluded by the Chapter 7 Trustee or (2) until such time that the Chapter 7 Trustee in his individual case, the Chapter 7 Trustee in his corporate cases, and the Office of the Bankruptcy Administrator have obtained any and all evidence necessary for the administration of the requisite bankruptcy estates.

Therefore, Mr. Fulcher shall not be released until the Chapter 7 Trustee in the individual case, the Chapter 7 Trustee in his corporate cases, and the Bankruptcy Administrator file a joint Motion to Terminate Confinement of Todd Allen Fulcher setting forth facts supporting the basis for release.

Further, the United States Marshal shall arrange for confinement of Mr. Fulcher and shall transport him to and from any hearings or examinations scheduled in this proceeding or any other proceeding in which Mr. Fulcher is associated that may be pending in this Court.

**SO ORDERED**.

**END OF DOCUMENT**