**SO ORDERED.**

**SIGNED this 01 day of October, 2010.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

IN RE:

TODD ALLEN FULCHER,   CHAPTER 7
                      CASE NO. 10-00169-8-RDD
    DEBTOR

### ORDER FOR CONTINUED DETENTION OF TODD ALLEN FULCHER

On June 22, 2010, this Court entered an Order requiring Todd Allen Fulcher (the "Debtor") to appear and show cause as to why he should not be held in contempt or subject to such other sanctions and directing the United States Marshal to apprehend the Debtor and bring him before this Court for the Debtor to appear and show cause, if any, as to why the Debtor failed to appear at the Meeting of Creditors scheduled on April 1, 2010 and explain to the Court why he has not cooperated with the duly appointed Chapter 7 Trustee in the administration of this estate (the "Show Cause Order"). On July 6, 2010, the Court ordered the continued detention of Mr. Fulcher by the United States Marshal[1] and continued the hearing on the Show Cause Order until September 29, 2010.

On September 29, 2010, the Court conducted a hearing in Wilson, North Carolina to consider the Show Cause Order and to review the appropriateness of the continued detention of Mr. Fulcher.

---

[1] The Order for Continued Detention of Todd Allen Fulcher Under Federal Rule 2005, to Compel Attendance at Meeting of Creditors, and Cooperation with the Chapter 7 Trustee was docketed on August 3, 2010.

Mr. Fulcher is currently being detained at the Wilson County Jail pursuant to the August 3, 2010 Order of this Court. He was transported to the United States Bankruptcy Court in Wilson, North Carolina by the United States Marshal Service.

Upon consideration of the arguments of the Chapter 7 Trustee and Scott Kirk, appearing on behalf of the Bankruptcy Administrator, the Court renews its finding that Mr. Fulcher is a recalcitrant witness pursuant to 28 U.S.C. § 1826. See *In re Younger*, 986 F.2d 1376, 1378 (11th Cir. 1993)(finding that confinement in a bankruptcy case is permitted but limited to the length of the bankruptcy case or eighteen months, whichever is less); *In re Continuum Care*, 375 B.R. at 695 (recognizing the applicability of the recalcitrant witness statute in a bankruptcy proceeding).

Section 1826(a) of Title 28 of the United States Code provides in pertinent part:

> Whenever a witness in *any* proceeding before or ancillary to *any* court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify … the court … may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony ... No period of such confinement shall exceed the life of … (1) the court proceeding … (2) before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.

*emphasis added.*

As a recalcitrant witness, Mr. Fulcher can be detained for a period of up to eighteen months from the date of his confinement or the duration his bankruptcy proceeding, whichever is less.

The Chapter 7 trustee stated that he believes third parties may be in the possession of certain assets of the estate. The Court believes that Mr. Fulcher could be of further assistance to the Chapter 7 trustee or the Bankruptcy Administrator in assisting the parties to locate assets of the estate that may be in the possession of third parties. Mr. Fulcher has failed to comply with previous orders of

this court and, furthermore, he is a known flight risk as evidenced by his prior actions during this case.

For example, Mr. Fulcher was initially detained by the Court pursuant to its order docketed on March 12, 2010 based on his failure to comply with orders of this Court, his failure to appear at duly scheduled matters pending in his bankruptcy cases, and his continued efforts to collect rent from his residential tenants after the appointment of a Chapter 7. He was released from the custody of the United States Marshal on March 23, 2010 pursuant to the terms of the Order Granting Joint Motion to Release Todd A. Fulcher from the Continued Custody of the United States Marshal (the "Release Order"). Under the terms of the Release Order, Mr. Fulcher was to appear at the meeting of creditors scheduled for April 1, 2010, and to cooperate, as well as, communicate with the Chapter 7 trustees. At the time the Chapter 7 trustees recommended his release on March 23, 2010, Mr. Fulcher was informed that his presence was required on April 1, 2010 at 9:30 a.m. at the Bankruptcy Administrator's office in Wilson, North Carolina for his scheduled 341 Meeting of Creditors in connection with his individual bankruptcy proceeding.

Mr. Fulcher blatantly disregarded the terms of the Release Order and failed to appear at the 341 Meeting of Creditors. That afternoon, the Court entered its Order for Apprehension of the Debtor under Bankruptcy Rule 2005 based on Mr. Fulcher's failure to appear at the 341 Meeting of Creditors set earlier that morning (the "Apprehension Order").

During the July 6, 2010 hearing regarding Mr. Fulcher's apprehension, testimony was provided that on April 1, 2010, Mr. Fulcher was contacted via telephone by Deputy United States Marshal Daniel Tubman while purchasing a hitch in Raleigh for a camper that Mr. Fulcher intended to drive to Florida. Mr. Fulcher informed Deputy Marshal Tubman that he would surrender at that

3

time later in the day. Instead of surrendering to Deputy Marshal Tubman or contacting him, the Debtor picked up the camper and headed to Florida. He willfully did not surrender to the custody of the United States Marshal and failed to inform anyone of his whereabouts. Upon his return to North Carolina, Mr. Fulcher made no effort to contact Deputy U.S. Marshal Daniel Tubman.

It was clear to the Court that Mr. Fulcher knew his conduct was in direct conflict with the Release Order and the Apprehension Order. He testified he knew the requirements of the Release Order but failed to appear at the 341 Meeting of Creditors. Furthermore, he testified that he spoke with Deputy Marshal Tubman and agreed to surrender, but then failed to meet Deputy Marshal Tubman as he had arranged. Mr. Fulcher had no further contact with Deputy Marshal Tubman until he was apprehended.

Mr. Fulcher has a pattern and history of blatant disregard for order of this Court. Because of his prior actions, the Court believes that its in the best interest of the estates and creditors to ensure that the Chapter 7 trustees have Mr. Fulcher available to them to assist with the possible recovery of additional assets and to appear and testify regarding assets or other matters critical to the administration of the various estates.[2] The Trustee and Bankruptcy Administrator are convinced that should Mr. Fulcher be released from custody, he will immediately flee the jurisdiction. Therefore, pursuant to 28 U.S.C. § 1826 and the inherent contempt powers of this Court, Mr. Fulcher shall remain in the custody of the United States Marshal until such time that the Chapter 7 trustee in his individual case, the Chapter 7 trustee in his corporate cases, and the Office of the

---

[2]Todd Allen Fulcher, Case No. 10-00169-8-RDD; Fulcher Tire Sales and Service, Case No. 10-00172-8-RDD; TAAF,LLC. Case No.10-00171-8-RDD; Todd A. Fulcher, LLC, Case No. 10-00174-8-RDD.     ;

Bankruptcy Administrator have obtained any and all evidence necessary for the administration of the requisite bankruptcy estates.

The Court shall conduct a hearing on or before November 29, 2010 to consider release of Mr. Fulcher and his level of cooperation, the progress of the Chapter 7 trustees in locating additional assets, and the concerns of the Bankruptcy Administrator.

Therefore, the Clerk is hereby directed to continue the hearing on the Show Cause Order for a period of approximately sixty (60) days at which time the Court shall consider the release of Mr. Fulcher from the custody of the United States Marshal.

However prior to the continued hearing, should the Chapter 7 trustee in the individual case, the Chapter 7 trustee in his corporate cases, and the Bankruptcy Administrator file a joint Motion to Terminate Confinement of Todd Allen Fulcher setting forth facts supporting the basis for release, the Court will schedule said motion for hearing or issue its ruling on the pleadings alone.

The United States Marshal shall arrange for confinement of Mr. Fulcher and shall transport him to and from any hearings or examinations scheduled in this proceeding or any other proceeding in which Mr. Fulcher is associated that may be pending in this Court.

**SO ORDERED**.

**END OF DOCUMENT**